ROUX v DEPARTMENT OF TRANSPORTATION

Docket No. 98827. Submitted February 2, 1988, at Lansing. Decided March 29, 1988.

Timothy Roux was injured while riding a bicycle on the shoulder of a public highway whose maintenance was the responsibility of the Department of Transportation. Roux brought an action in the Court of Claims against the department, alleging that defendant failed to properly maintain, repair and inspect the shoulder and that defendant failed to warn him of the shoulder's dangerous condition. The trial court, Peter D. Houk, J., granted summary disposition in favor of defendant and dismissed the action, ruling that plaintiff had failed to state a claim upon which relief could be granted. Plaintiff appealed.

The Court of Appeals *held:*

1. Under MCL 691.1402; MSA 3.996(102), any person sustaining bodily injury or damage to his property may recover from the governmental agency having jurisdiction if the injury or damage occurs as the result of the agency's failure to perform its duty to repair and maintain the improved portion of the highway designed for vehicular travel. In this case, the trial court erred in dismissing plaintiff's action since plaintiff had stated a claim with the allegation that the injury occurred on the highway's shoulder, which shoulder is considered a part of the improved portion of the highway and subject to defendant's duty of maintenance and repair.

2. On remand, the appropriate standard of care shall be based on defendant's duty to maintain and repair the shoulder for vehicular travel. The alleged defect must therefore be unreasonably dangerous to a vehicle, not a bicycle.

Reversed and remanded.

HIGHWAYS — MAINTENANCE OF HIGHWAYS — BICYCLISTS.

A bicyclist who sustains bodily injury or damage to his property

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 103 *et seq.,* 337 *et seq.*

Liability, in motor vehicle-related cases, of governmental entity for injury, death, or property damage resulting from defect or obstruction in shoulder of street or highway. 19 ALR4th 532.

while riding on the shoulder of a public highway may recover from the governmental agency having jurisdiction over the highway if the injury or damage occurs as the result of the agency's failure to perform its duty to maintain and repair the shoulder for vehicular travel; any alleged defect in the shoulder must be unreasonably dangerous to a vehicle, not a bicycle (MCL 691.1402; MSA 3.996[102]).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Brenda E. Turner,* Assistant Attorneys General, for defendant.

Before: BEASLEY, P.J., and G. R. McDONALD and J. P. JOURDAN,* JJ.

PER CURIAM. Plaintiff appeals as of right from a February 2, 1987, order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) and dismissing plaintiff's complaint. We reverse.

On or about July 10, 1978, plaintiff was riding a bicycle on the shoulder of Telegraph Road in Dearborn Heights. Plaintiff allegedly hit a rock, hole, rut or other "defective area" in the shoulder which caused plaintiff to lose control of the bicycle and collide with a garbage truck.

Plaintiff instituted the instant negligence action against defendant claiming that defendant failed to properly maintain, repair and inspect the shoulder, and that defendant failed to warn plaintiff of the shoulder's dangerous condition. Defendant moved for summary disposition under MCR 2.116(C)(8), claiming that plaintiff failed to state a

* Circuit judge, sitting on the Court of Appeals by assignment.

claim upon which relief could be granted as defendant owed no duty to bicyclists. The trial court granted defendant's motion, finding that plaintiff used the shoulder improperly, that a bicycle is not a "vehicle" as defined by the Michigan Vehicle Code, that a bicyclist who rides on the shoulder should be considered a pedestrian, and that the relevant governmental immunity statute should be strictly construed.

MCL 691.1402; MSA 3.996(102) in part provides:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948. The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel.

Defendant argues that the duty to maintain the improved portion of the highway reasonably safe and fit for vehicular travel under this statute does not extend to bicycle travel. Plaintiff argues that defendant's duty under this statute is dependent upon the location at which the traveler is injured,

not his mode of transportation. We agree with plaintiff.

In *Roy v Dep't of Transportation,* 428 Mich 330; 408 NW2d 783 (1987), our Supreme Court found that defendant did not have a duty to maintain the bicycle path upon which plaintiff bicyclist was injured. *Roy* involved a detached bicycle path which ran parallel to a roadway. The Court reasoned that bicycle paths are not designed for vehicular travel since bicycles are not vehicles. Thus, the defective highways exception to governmental immunity, MCL 691.1402; MSA 3.996(102), does not apply to bicycle paths since that exception does not apply to an "installation outside of the improved portion of the highway designed for vehicular travel." *Roy, supra* at 340. In reaching its holding the Court appeared concerned only that plaintiff was injured on a bicycle path, and not that he was a bicyclist. In fact, the Court stated that the criterion utilized by the Legislature in imposing this duty on defendant "was not based on the class of travelers, but the road on which they travel." *Roy, supra* at 341. The statute itself states that "*any* person sustaining bodily injury or damage to his property" (emphasis added) may recover if the injury or damage occurs as the result of defendant's failure to perform its duty to repair and maintain the improved portion of the highway designed for vehicular travel. Thus, defendant's attempt to restrict recovery to "motorists" injured while on a portion of the highway designed for vehicular travel is untenable. In addition, plaintiff's position is supported by cases dealing with municipal liability. "The reference to public travel contained in [MCL 242.3; MSA 9.593 concerning the duty of townships, villages, cities and corporations] is not a restriction upon the persons to whom the duty is owed but, rather, defines the

standard by which the duty is measured: 'to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel.' " *Mechay v Detroit,* 364 Mich 576, 578; 111 NW2d 820 (1961). A municipality is liable to any person who is injured by the municipality's breach of its statutory duty. *Mechay, supra,* and *Michonski v Detroit,* 162 Mich App 485; 413 NW2d 438 (1987).

In the instant case plaintiff alleged injuries resulting from defendant's failure to maintain and repair the shoulder of the highway. Thus, because shoulders of a highway are considered part of the improved portion of the highway and therefore subject to defendant's duty of maintenance and repair, *McKee v Dep't of Transportation,* 132 Mich App 714; 349 NW2d 798 (1984), the trial court erred in granting defendant's motion and dismissing plaintiff's case.

We express no opinion as to the merits of plaintiff's claim, but note that on remand the appropriate standard of care shall be based on defendant's duty to maintain and repair the shoulder for vehicular travel. Thus the alleged defect must be unreasonably dangerous to a vehicle, not a bicycle.

Reversed and remanded.