486 S.E.2d 582

FARM FAMILY MUTUAL INSURANCE
COMPANY, Plaintiff Below,
Appellee,

v.

Karl W. BOBO, Myrtle H. Bobo,
Defendants Below,
Appellants,

Eston S. Nelson, Maxine E. Nelson, Heath-
er Nelson, George M. Howell, Autumn
Howell, Karen S. Howell, James L. Di-
Benedetto, Jeremy W. DiBenedetto, Den-
nis Vincent DiBenedetto, as parent and
next friend of Daniel DiBenedetto, An-
thony E. Kulfan, Owen Schell, as parent
and next friend of Dennis S. Schell, De-
fendants Below, Appellees.

No. 23461.

Supreme Court of Appeals of
West Virginia.

Submitted Feb. 5, 1997.

Decided May 9, 1997.

William Prentice Young, Jackson & Kelly, Martinsburg, for Appellee Farm Family Mutual Insurance Company.

PER CURIAM.

In this action, the appellants, Karl W. Bobo and Myrtle H. Bobo, ask this Court to reverse the final order of the Circuit Court of Grant County, West Virginia, entered on November 13, 1995. Pursuant to that order, the circuit court granted the motion of the appellee, Farm Family Mutual Insurance Company, for summary judgment and held that the appellants were not entitled to be defended and indemnified by the appellee with regard to two underlying tort actions concerning a boating accident. Specifically, the circuit court concluded that the appellants' insurance policy purchased from the appellee expressly excluded the boat owned by the appellants, and involved in the accident, from coverage. The appellants contend, however, that when they purchased the policy the appellee's insurance agent knew that the appellants owned a boat, and knew that they desired to have the boat covered by insurance, but failed to disclose the exclusion. In that regard, the appellants assert that genuine issues of material fact existed concerning coverage under the policy and that, consequently, the circuit court committed error in granting summary judgment.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. The assertions of the appellants notwithstanding, this Court is of the opinion that the circuit court acted correctly in granting summary judgment. Accordingly, the final order is affirmed. In so holding, we note that the other named appellees, Eston S. Nelson, et al., are involved in the underlying tort actions and have not participated in this appeal.

I

On July 8, 1990, the appellants met with Mr. Terry L. Crouse, an insurance agent of the appellee, at the appellants' home in Grant County. As stated in the petition for appeal, the meeting "included a discussion of personal and farm liability, i.e. as with tractors, equipment, machinery and farm employees

James Paul Geary, C. Carter Williams, Geary & Geary, L.C., Petersburg, for Appellants.

... [and the] dialogue also included the subject of coverage concerning the Bobos' farm house, its contents and personal property." Although the record indicates that no written application for insurance was made, the appellants, at that time, purchased a "Special Farm Package" insurance policy from Mr. Crouse. The policy, effective from July 8, 1990, and thereafter renewed, included a provision for liability coverage for bodily injury and property damage in the amount of $300,000. At the time of the purchase, the appellants owned a boat with a 225 horsepower motor, which, according to the petition, was stored at the appellants' cabin on Mount Storm Lake in Grant County during the summer months.

The Special Farm Package insurance policy issued by the appellee, and mailed to the appellants, provided that coverage did not apply to bodily injury and property damage:

arising from the ownership, maintenance, operation, use, loaning, renting, entrustment, supervision, occupancy, loading or unloading of the following:

....

c. watercraft that (1) has inboard or inboard-outboard motor power of more than fifty (50) horsepower, or (2) is powered by an outboard motor(s) singly or in combination of more than fifty (50) horsepower [.]

Thereafter, the appellants traded their boat for a "Sea Sprite" motorboat equipped with a 325 horsepower engine. On July 4, 1993, the appellants were operating the latter boat on Mount Storm Lake when it collided with a motorboat operated by Eston S. Nelson. At the time, both boats were carrying a number of passengers. Although the appellants informed the appellee of the accident, the appellee, by letter dated December 7, 1993, responded by stating that, because of the exclusion, coverage under the Special Farm Package insurance policy would not be afforded.

As a result of the accident, two tort actions were filed against the appellants. The actions, seeking recovery for personal injuries and property damage, were styled *Nelson, et al. v. Bobo, et al.,* Civil Action No. 95–C–37 (Grant County), and *Howell, et al. v. Bobo, et al.,* Civil Action No. 95–C–34 (Grant County).

In spite of the letter of December 7, 1993, however, the appellants sent a copy of each complaint in the actions to the appellee and requested that the appellee provide a defense. In reply, the appellee sent a "Reservation of Rights" letter to the appellants informing them that a defense would be provided pending an investigation of coverage. As the Reservation of Rights letter stated:

For the purposes of preserving the rights of all parties concerned, and without waiving, prejudicing or invalidating our position in any way, we will continue to investigate the facts and circumstances of this claim, and defend this lawsuit against you, at our own cost and expense, without being liable to you in any manner because of our investigation and/or defense of the matter. However, if our investigation reveals that your policy provides no coverage for this claim, we may elect to exercise our rights under the policy and decline to continue paying for your defense in this lawsuit.

Thereafter, in July 1995, the appellee filed this action seeking declaratory relief upon the coverage issue. See *W. Va.Code,* 55–13–1 [1941], *et seq.* In October, 1995, the appellee filed a motion for summary judgment, and the circuit court conducted hearings thereon in November, 1995. As reflected in the final order of November 13, 1995, summary judgment was granted in favor of the appellee.

Included in the final order were findings by the circuit court that Mr. Crouse had mailed a "complete copy" of the policy to the appellants in 1990 and that, at the time of the accident in 1993, the boat owned and operated by the appellants was a Sea Sprite "propelled by a 325 horsepower engine." Moreover, the circuit court found that "[t]he exclusion language under the Policy is clear and unambiguous and ... does not contravene any public policy." The final order concluded by stating that the Special Farm Package insurance policy "clearly and lawfully excluded coverage for Karl Bobo and Myrtle Bobo from all claims against them in the civil actions arising from the boat accident." This appeal followed.

## II

■ Pursuant to Rule 56 of the *West Virginia Rules of Civil Procedure*, summary judgment is warranted where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See generally* Lugar & Silverstein, *West Virginia Rules of Civil Procedure*, p. 426–42 (Michie 1960). As this Court observed in syllabus point 4 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994):

> Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*See also* syl. pt. 4, *Thomson v. McGinnis*, 195 W.Va. 465, 465 S.E.2d 922 (1995); syl. pt. 2, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995); syl. pt. 5, *Gooch v. Department of Public Safety*, 195 W.Va. 357, 465 S.E.2d 628 (1995).

■ In the context of this action, we note that both the entry of a summary judgment and the entry of a declaratory judgment are reviewed by this Court *de novo*. Syl. pt. 1, *Painter, supra,* (summary judgment); syl. pt. 1, *Koffler v. City of Huntington*, 196 W.Va. 202, 469 S.E.2d 645 (1996) (summary judgment); syl. pt. 3, *Cox, supra,* (declaratory judgment); syl. pt. 1, *Randolph County Board of Education v. Adams*, 196 W.Va. 9, 467 S.E.2d 150 (1995) (declaratory judgment). Moreover, as this Court recently held in syllabus point 3 of *Fayette County National Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997): "Although our standard of review for summary judgment remains *de novo*, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed."

Here, the appellants contend that they were entitled to be defended and indemnified by the appellee with regard to the underlying tort actions because Mr. Crouse knew, when he sold them the policy, that they owned a boat with a motor in excess of 50 horsepower. Moreover, the appellants assert that Mr. Crouse knew that they desired to have the boat covered by insurance but failed to disclose the exclusion. In that regard, the appellants cite *Keller v. First National Bank*, 184 W.Va. 681, 684, 403 S.E.2d 424, 427 (1991), and *Runner v. Calvert Fire Ins. Co.*, 138 W.Va. 369, 374, 76 S.E.2d 244, 247 (1953), for the principle that the actions and knowledge of an agent during the formation of an insurance contract are, generally, imputed to the insurance company, and *National Mutual Insurance Co. v. McMahon & Sons, Inc.*, 177 W.Va. 734, 742, 356 S.E.2d 488, 496 (1987), for the principle that, ordinarily, an insurer has a duty to bring exclusionary clauses to the insured's attention.[1] In addition, the appellants assert that, inasmuch as the Special Farm Package insurance policy was lengthy, and the exclusion concerning the boat was not "conspicuously" placed therein, the exclusion did not preclude the duty of the appellee to defend and indemnify the appellants. *See National Mutual Insurance Co., supra,* 177 W.Va. at 742, 356 S.E.2d at 496.

The appellee, on the other hand, contends that, the legal principles cited by the appellants notwithstanding, the appellants failed to establish that genuine issues of material fact existed with regard to the motion for summary judgment. Specifically, citing *Painter, supra,* for the proposition that, in opposing a motion for summary judgment, a party must offer more than "a mere scintilla" of evidence, 192 W.Va. at 192, 451 S.E.2d at 758, the appellee asserts that the appellants offered no proof, beyond unsubstantiated allegations, that Mr. Crouse knew that the appellants owned a boat or that they desired to

---

1. In syllabus point 8 of *National Mutual Insurance Co., supra,* this Court held: "With respect to insurance contracts, the doctrine of reasonable expectations is that the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations."

have a boat covered by the Special Farm Package insurance policy. Thus, according to the appellee, Mr. Crouse had no reason to discuss the exclusion with the appellants when they purchased the policy on July 8, 1990, and, in any event, the exclusion was "clear and unambiguous," as found by the circuit court. Moreover, the appellee denies that the exclusion was not conspicuously placed within the policy.

As the record indicates, the appellee filed with the circuit court in support of the motion for summary judgment (1) the Special Farm Package insurance policy containing the exclusion, (2) a statement from appellant Karl W. Bobo to the effect that on the date of the accident he owned a Sea Sprite motorboat equipped with a 325 horsepower engine and (3) an affidavit of Mr. Crouse stating that he mailed a complete copy of the policy to the appellants.[2] In response, the appellants did not deny that they received a copy of the policy or that the boat they owned and operated at the time of the accident was equipped with a 325 horsepower engine. Rather, the appellants asserted that, when the policy was purchased on July 8, 1990, Mr. Crouse "became aware of" the fact that the appellants owned a boat but, nevertheless, did not bring the exclusion contained within the policy to their attention. Significantly, that assertion was included in the appellants' Response to the Motion for Summary Judgment and was verified by the appellants "upon information and belief." The record in this action includes no depositions of the appellants or of Mr. Crouse.[3] The appellants' Response, somewhat equivocal in its terms, stated, in part:

> The conversation [of July 8, 1990] also progressed to the subject of coverage con-

cerning the farm house and its contents, personal property and the Bobos' cabin and real property located at Mt. Storm Lake, where the motorboat was kept and used during the summer months.

. . . .

> During the explanation of the policy to the Bobos, Mr. Crouse became aware of [or the Bobos were of the opinion that Mr. Crouse knew and/or was made aware of] the Defendants' ownership of a recreational boat[.] . . . Furthermore, having had this knowledge imputed to him, Mr. Crouse made assurances to the Defendants that the policy provided the necessary coverages for all personal liability and made absolutely no reference to any exclusion in the policy for watercraft [.]

■ According to Rule 56(e) of the *West Virginia Rules of Civil Procedure,* when a motion for summary judgment is made and properly supported, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In that context, this Court has observed that mere allegations are insufficient in response to a motion for summary judgment to show that there is a genuine issue for trial. *Miller v. City Hospital, Inc.,* 197 W.Va. 403, 412, 475 S.E.2d 495, 504 (1996). More specifically, as this Court held in syllabus point 3 of *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995):

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that

---

**2.** The affidavit of Terry L. Crouse, dated October 13, 1995, stated in its entirety:

I, Terry L. Crouse, being first duly sworn, do hereby aver and say:

1. That I was an agent for Farm Family Mutual Insurance Company and was such an agent in 1990.

2. That I sold a Farm Family Mutual Insurance Company Special Farm Package SFP '10' (Policy No. 4712G1070) to Karl and Myrtle Bobo in 1990.

3. That I mailed a complete copy of said policy to Karl and Myrtle Bobo at their address . . . [in West Virginia] in September of 1990.

And further affiant saith naught.

**3.** It should be noted that attached to the appellee's brief filed in this Court was a copy of a deposition of appellant Karl W. Bobo taken on September 27, 1995, indicating that the appellants' ownership of a boat was never discussed when the Special Farm Package insurance policy was purchased on July 8, 1990. That deposition, however, was taken in the underlying tort action styled *Howell, et al., v. Bobo, et al.,* Civil Action No. 95–C–34 (Grant County), and was never made a part of the record before this Court.

there is no genuine issue of a material fact, the burden of production shifts to the non-moving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.[4]

(footnote added). *See also* syl. pt. 3, *McKenzie v. Cherry River Coal & Coke Company*, 195 W.Va. 742, 466 S.E.2d 810 (1995); syl. pt. 6, *Gooch, supra*.[5]

Here, there is no dispute that the Special Farm Package insurance policy contained an exclusion for watercraft equipped with a motor exceeding 50 horsepower. That exclusion was found by the circuit court to be clear and unambiguous. As the circuit court also found, the appellants received a complete copy of that policy prior to the accident. Moreover, the appellants do not dispute that, at the time of the accident, the boat they owned and operated was a Sea Sprite propelled by a 325 horsepower engine. As indicated above, that boat was acquired by the appellants following their ownership of the 225 horsepower motorboat. Even if the appellee, through Mr. Crouse, knew about the 225 horsepower boat, nothing in the record indicates that the appellee was informed that the appellants had acquired a different boat.

▆ With regard to the circumstances surrounding the purchase of the policy, this Court is of the opinion that the appellants have failed to establish the existence of genuine issues of material fact, particularly with regard to whether the appellants' ownership of a boat was ever discussed with Mr. Crouse. As stated above, the appellants' Response to the Motion for Summary Judgment was somewhat equivocal and verified by the appellants "upon information and belief." While such a response may constitute a scintilla of evidence in the appellants' favor, it does not satisfy the appellants' burden under syllabus point 3 of *Williams, supra*, in responding to the appellee's motion. As the appellee's brief filed herein suggests: "The vague and unsubstantiated assertions raised by the Bobos hardly rise to the level of affirmative evidence necessary to be considered material fact."

▆ Nor is this Court persuaded by the appellants' contention that the exclusion was not conspicuously placed within the policy. The circuit court found the language of the exclusion itself to be clear and unambiguous, and, although *National Mutual Insurance Co., supra*, requires, additionally, that exclusionary clauses in insurance policies be obvious in their relationship to other policy terms, 177 W.Va. at 742, 356 S.E.2d at 496, the exclusion herein comports with that requirement. The Special Farm Package insurance policy, though several pages in length, included a table of contents indicating the various general subject areas addressed by the policy. The exclusion was placed under the subject area designated "Liability." The appellee having so placed the exclusion in the policy, this Court cannot conclude that the exclusion was inconspicuous.[6]

---

4. Rule 56(f) of the *West Virginia Rules of Civil Procedure* provides:

    Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

5. As this Court made clear in *Painter, supra:* "When a motion for summary judgment is mature for consideration and is properly documented with such clarity as to leave no room for controversy, the nonmoving party must take the initiative and by affirmative evidence demonstrate that a genuine issue of fact exists." 192 W.Va. at 192 n. 5, 451 S.E.2d at 758 n. 5.

6. In addition, the appellants contend that the appellee's defense of the appellants in the underlying tort actions constituted a waiver of the exclusion. The appellee, however, responds by stating that it expressly reserved its right to deny coverage and that the defense it provided was subject to that condition. As indicated above, the appellee's letter of December 7, 1993, and its subsequent "Reservation of Rights" letter, placed the appellants upon notice that coverage with regard to the accident was questionable. Thus, the defense provided by the appellee was never unconditional. As the Reservation of Rights letter stated: "[I]f our investigation reveals that your policy provides no coverage for this claim,

Upon all of the above, this Court holds that the circuit court acted correctly in granting the appellee's motion for summary judgment and determining that the appellants were not entitled to be defended and indemnified by the appellee with regard to the two underlying tort actions. Accordingly, the final order of the Circuit Court of Grant County, entered on November 13, 1995, is affirmed.

Affirmed.

we may elect to exercise our rights under the policy and decline to continue paying for your defense [.]" Clearly, therefore, the appellee did not waive the exclusion. Such an assertion by the appellants under the circumstances herein cannot, as the circuit court determined, "be used to extend coverage in this case."