537 S.E.2d 320

**Melanie L. MINSHALL, Plaintiff Below, Appellant,**

v.

**HEALTH CARE & RETIREMENT CORPORATION OF AMERICA, Defendant Below, Appellee.**

**No. 26736.**

Supreme Court of Appeals of West Virginia.

Submitted March 21, 2000.

Decided June 9, 2000.

Dissenting Opinion of Justice Starcher July 20, 2000.

Dissenting Opinion of Justice McGraw Oct. 20, 2000.

Harley O. Staggers, Jr., Staggers & Staggers, Keyser, West Virginia, Attorney for Appellant.

Richard M. Yurko, Jr., David E. Dick, Rodney L. Bean, Steptoe & Johnson, Morgantown, West Virginia, Attorneys for Appellee.

**PER CURIAM:**

Melanie L. Minshall, appellant/plaintiff (hereinafter "Ms. Minshall"), appeals from an order of the Circuit Court of Mineral County granting summary judgment to Health Care & Retirement Corporation of America, appellee/defendant (hereinafter "Health Care"). In this appeal, Ms. Minshall argues summary judgment was improper because material issues of fact existed regarding her claims for (1) sex discrimination, (2) intentional infliction of emotional distress, and (3) breach of employment contract. After reviewing the parties' briefs and considering the record and arguments in the case, we conclude that the circuit court's order granting summary judgment to Health Care should be affirmed.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Ms. Minshall was employed by Health Care as a nursing assistant from May 10, 1994, until September 25, 1995.[1] Health Care's alleged basis for firing Ms. Minshall was that she improperly cared for a patient. Ms. Minshall was accused of negligently positioning a male patient so as to impede the drainage of body fluid through a catheter that was attached to him. As a result of the catheter incident, the patient and his family lodged a complaint against Ms. Minshall with Health Care.

After being terminated by Health Care, Ms. Minshall filed this civil action. In her complaint, Ms. Minshall charged that she was fired in violation of the West Virginia Human Rights Act. The cause of action was based upon the prohibition against sex discrimination contained in W. Va.Code § 5–11–9(1) [1992]. However, Ms. Minshall invoked the sex discrimination provision of the aforementioned statute on the basis that Health Care terminated her because she was a lesbian. Ms. Minshall also alleged a cause of action for intentional infliction of emotional distress. Under this cause of action, Ms. Minshall alleged that the manner in which she was fired was intentionally outrageous. In a third cause of action for breach of employment contract, Ms. Minshall alleged that she was not an at-will employee and could be fired only for cause.[2]

After a period of discovery, Health Care moved for summary judgment. On May 18, 1999, the circuit court entered an order granting summary judgment to Health Care. It is from the summary judgment order that Ms. Minshall now appeals.

## II.

### STANDARD OF REVIEW

The standard of review of a circuit court's entry of summary judgment is *de novo*. Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We have held that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). Further,

[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syl. pt. 4, *Painter*, 192 W.Va. 189, 451 S.E.2d 755. Finally, "[a]lthough our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed." Syl. pt. 3, *Fayette County Nat'l Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232

---

1. Ms. Minshall was initially fired by Health Care on August 17, 1995. She was subsequently reinstated to her position on September 7, 1995. The initial termination is not the subject of this action.

2. Although Ms. Minshall asserted additional causes of action in her complaint, the circuit court's disposition of those causes of action were not appealed.

(1997).[3] By applying this standard, we now turn to the issues presented by this appeal.

## III.

## DISCUSSION

### A. Sex Discrimination

First, Ms. Minshall claims that material issues of fact existed as to whether Health Care terminated her because of her sexual orientation. The circuit court found that Ms. Minshall's "claim that she was discharged on the basis of sex because she was a female homosexual fails as a matter of law." During oral argument before this Court, counsel for Ms. Minshall stated that the sexual orientation claim was abandoned.[4] Instead, in her appeal Ms. Minshall argued a claim for gender discrimination.[5]

Ms. Minshall's attempt to change her legal theory from sexual orientation discrimination to that of gender discrimination is problematic. This Court made clear in *Powderidge Unit Owners Association v. Highland Properties, Ltd.*, 196 W.Va. 692, 700, 474 S.E.2d 872, 880 (1996), the limitations of our reviewing authority in summary judgment appeals:

> Although our review of the record from a summary judgment proceeding is *de novo*, this Court for obvious reasons, will not consider evidence or arguments that were not presented to the circuit court for its consideration in ruling on the motion. To be clear, our review is limited to the record as it stood before the circuit court at the time of its ruling.

In the instant case, the circuit court was called upon to decide the issue of sexual orientation discrimination, not gender discrimination.[6] We, therefore, cannot exceed our authority and review the merits of a claim for pure gender discrimination. *See Mayhew v. Mayhew*, 205 W.Va. 490, 506, 519 S.E.2d 188, 204 (1999) ("Our law is clear in holding that, as a general rule, we will not pass upon an issue raised for the first time on appeal."); *Kronjaeger v. Buckeye Union Ins. Co.*, 200 W.Va. 570, 585, 490 S.E.2d 657, 672 (1997) ("We frequently have held that issues which do not relate to jurisdictional matters and which have not been raised before the circuit court will not be considered for the first time on appeal to this Court."); *Koffler v. City of Huntington*, 196 W.Va. 202, 206 n. 6, 469 S.E.2d 645, 649 n. 6 (1996) ("Because plaintiff's arguments ..., and the City's response thereto, were neither raised, argued nor considered by the circuit court on summary judgment, the subject of this appeal, they are not reviewable by this Court."); *State v. Miller*, 197 W.Va. 588, 597, 476 S.E.2d 535, 544 (1996) ("Indeed, if any principle is settled in this jurisdiction, it is that, absent the most extraordinary circumstances, legal theories not raised properly in the lower court cannot be broached for the first time on appeal."); *Barney v. Auvil*, 195 W.Va. 733, 741, 466 S.E.2d 801, 809 (1995) ("Our general rule is that nonjurisdictional

---

3. Ms. Minshall contends that the circuit court's order does not comply with *Lilly*. We find no merit to this argument. The summary judgment order in this case sufficiently sets out those facts that the circuit court found relevant, determinative of the issues before it and undisputed.

4. In Ms. Minshall's "Response to Appellee's Brief," she again indicated that the sexual orientation claim would not be pursued. The reply brief states: "Contrary to the Employer's position, this is not a case about discriminating against an individual because of sexual preference. The issue before this Court is whether a jury should decide this case if there is a reasonable inference that Ms. Minshall's gender was a factor in the Employer's decision to discharge Ms. Minshall."

5. Because the issue of sexual orientation has been abandoned, we will not decide in this case the issue of whether or not a claim for sexual orientation discrimination may be litigated under our Human Rights Act.

6. The circuit court specifically found:

> Plaintiff's only evidence to support her sex discrimination claim is her bare argument that she was fired because she is a female homosexual and that she would not have been fired if she was a male homosexual. There is no evidence that male homosexuals were treated differently than plaintiff at [the defendant's] Heartland of Keyser [facility], nor is there evidence that male homosexuals were ever employed at [the defendant's] Heartland of Keyser [facility].
>
> . . . .
>
> Plaintiff's claim that she was discharged on the basis of sex because she was a female homosexual fails as a matter of law.

questions not raised at the circuit court level, but raised for the first time on appeal, will not be considered."); *Whitlow v. Board of Educ. of Kanawha County*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993) ("When a case has proceeded to its ultimate resolution below, it is manifestly unfair for a party to raise new issues on appeal."). Therefore, under our court precedents it was necessary for Ms. Minshall to affirmatively assert her claim of pure gender discrimination[7] and defend against the summary judgment motion before the circuit court.

### B. Intentional Infliction of Emotional Distress

■ Ms. Minshall argues next that material issues of fact existed in connection with her alleged cause of action for intentional infliction of emotional distress. The circuit court, on the other hand, found that Ms. Minshall failed to present any evidence to establish a claim for intentional infliction of emotional distress. In Syllabus point 6 of *Harless v. First National Bank in Fairmont*, 169 W.Va. 673, 289 S.E.2d 692 (1982), we held that "[o]ne who by extreme or outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for bodily harm." In the case *sub judice*, however, Ms. Minshall's claim of intentional infliction of emotional distress was raised in connection with her wrongful discharge suit. We previously explained the application of a cause of action for intentional infliction of emotional distress in the context of employment discharge in Syllabus point 2 of *Dzinglski v. Weirton Steel Corp.*, 191 W.Va. 278, 445 S.E.2d 219 (1994):

> The prevailing rule in distinguishing a wrongful discharge claim from an outrage claim is this: when the employee's distress results from the fact of his discharge—e.g., the embarrassment and financial loss stemming from the plaintiff's firing—rather than from any improper conduct on the part of the employer in effecting the discharge, then no claim for intentional infliction of emotional distress can attach. When, however, the employee's distress results from the outrageous manner by which the employer effected the discharge, the employee may recover under the tort of outrage. In other words, the wrongful discharge action depends solely on the validity of the employer's motivation or reason for the discharge. Therefore, any other conduct that surrounds the dismissal must be weighed to determine whether the employer's manner of effecting the discharge was outrageous.

Furthermore, we have outlined the factors that must be proven by a plaintiff alleging a cause of action for intentional infliction of emotional distress: " 'One, the wrongdoer's conduct was intentional or reckless.... Two, the conduct was outrageous and intolerable

---

7. In reviewing the record in this case we found that the complaint stated a pure gender discrimination claim. However, Ms. Minshall apparently abandoned a pure gender discrimination claim and asserted at the trial court level that her claim was based on sexual orientation discrimination. The following was asserted in "Plaintiff's Response to Defendant's Motion for Summary Judgment":

> I. Ms. Minshall was terminated because she is a female homosexual. In this almost all female workforce, a male homosexual would not be a perceived threat to female supervisors. Ms. Minshall testified (p.52 of deposition) that Defendant Miller's sister knew she was [sic] female homosexual therefore, a reasonable person could presume that Ms. Miller was discriminating against Ms. Minshall because of her gender, to protect her younger sister. (Citation omitted).

> Defendants contend that females that are homosexuals can be discriminated against be-

cause of their gender. Defendant's argument fails however under the paradigm presented in *Skaggs v. Elk Run Coal Co.*, 198 W.Va. 51, 479 S.E.2d 561 (1996). In *Skaggs* all that is required is to show that the employers were motivated at least in part to [sic] Plaintiff's gender. Therefore, if Defendants would not have taken any action against a male homosexual, then Plaintiff's gender becomes a motivating factor and is thus a violation of the law....

This same argument of sexual orientation discrimination was repeated by Ms. Minshall in "Plaintiff's Updated Response to Defendant's Motion for Summary Judgment." The trial court was asked to determine whether summary judgment was appropriate regarding the claim of sexual orientation discrimination. The trial court was never asked to determine a pure gender discrimination claim for purposes of summary judgment.

in that it offends against the generally accepted standards of decency and morality. . . . Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe." ' *Harless,* 169 W.Va. at 694–95, 289 S.E.2d at 704 (quoting *Womack v. Eldridge,* 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974)). *See also Hosaflook v. Consolidation Coal Co.,* 201 W.Va. 325, 336, 497 S.E.2d 174, 185 (1997).

■ In the instant proceeding, Ms. Minshall has identified no facts which suggest that Health Care's conduct when effecting the discharge was outrageous. Ms. Minshall indicates only that she was terminated shortly after returning from a previous discharge. Such conduct, in and of itself, is simply not outrageous. Therefore, summary judgment was appropriate for the claim of intentional infliction of emotional distress.

### C. Breach of Employment Contract

Ms. Minshall's final assertion is that material issues of fact were in dispute as to whether Health Care terminated her in violation of an alleged employment contract. The circuit court found that this claim failed because no employment contract existed.

■ In the context of the employer/employee relationship, West Virginia is an "at-will" jurisdiction. We indicated in Syllabus point 2 of *Wright v. Standard Ultramarine & Color Co.,* 141 W.Va. 368, 90 S.E.2d 459 (1955), that "[w]hen a contract of employment is of indefinite duration it may be terminated at any time by either party to the contract." It was further held by this Court in *Bell v. South Penn Natural Gas Co.,* 135 W.Va. 25, 31–32, 62 S.E.2d 285, 288 (1950), that "[u]nder the law governing the relation of master and servant, an employment, unaffected by contractual or statutory provisions to the contrary, may be terminated, with or without cause, at the will of either party."

■ Ms. Minshall attempted to establish that an employment contract was made through an employee handbook given to her by Health Care. We noted in Syllabus point 6 of *Cook v. Heck's Inc.,* 176 W.Va. 368, 342 S.E.2d 453 (1986), that "[a]n employee hand-

book may form the basis of a unilateral contract if there is a definite promise therein by the employer not to discharge covered employees except for specified reasons." The problem with Ms. Minshall's claim is that she failed to point to any language, in the handbook or otherwise, reasonably indicating a contractual promise by Health Care not to discharge her except for cause. Moreover, even if Ms. Minshall pointed to language in the handbook requiring discharge for cause, the evidence is clear that she was in fact discharged for cause. That is, she was discharged for improperly caring for a patient. We therefore find no basis to disturb the circuit court's grant of summary judgment on this issue.

### IV.

### CONCLUSION

In view of the foregoing, the circuit court's order granting summary judgment to Health Care is affirmed.

Affirmed.

STARCHER, Justice, dissenting:

(Filed July 20, 2000)

As the majority recognizes in footnote 4, the factual issue in the plaintiff's case was "whether Ms. Minshall's [female] gender was a factor in the defendant's decision to discharge Ms. Minshall . . . and whether a jury should decide this case if there is a reasonable inference that Ms. Minshall's gender was a factor. . . ."

And in footnote 7, the majority also recognizes that the plaintiff argued to the circuit court that the impermissible reason for the defendant's action was the plaintiff's status as a female homosexual—as opposed to being a male homosexual.

So, the plaintiff properly presented the issue of whether there was gender discrimination—as a matter of both fact and of law. What's the problem, then?

Call me dense, but I can't make heads or tails of the majority opinion's reasoning. And it's frankly a little troubling to be dissenting to something that I can't seem to

understand. But I will say that to even suggest that sexual preference discrimination is not gender-based is to ignore logic and to defy common sense.

Accordingly, I dissent.

McGRAW, Justice, dissenting:

(Filed Oct. 20, 2000)

I disagree with the majority's assessment of the substance of appellant's claim. The gravamen of Ms. Minshall's charge is that she was treated more harshly because she is a woman. Although the basis for this claim is somewhat tenuous, Ms. Minshall should nevertheless be permitted to put her case before a jury. I therefore respectfully dissent.