355 S.E.2d 378

**Bonnie CLINE, Administratrix of the Estate of Tim Cline, Deceased, and Bonnie Cline, Individually,**

v.

**JUMACRIS MINING COMPANY, A Corporation.**

**No. 17074.**

Supreme Court of Appeals of West Virginia.

March 18, 1987.

H. Truman Chafin, Williamson, William L. Jacobs, Parkersburg, for appellant.

Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Michael J. Farrell, Huntington, for appellee.

PER CURIAM:

This appeal is a sequel to this Court's decision in *Cline v. Joy Manufacturing Co.*, 172 W.Va. 769, 310 S.E.2d 835 (1983). In the earlier *Cline* case, the Court set aside a jury verdict for the appellant in the present proceeding, Bonnie Cline and her now-deceased husband, Tim Cline, on the ground that the evidence introduced during trial was insufficient to establish the liability of the defendant to the plaintiffs under the deliberate intent exception in the Workers' Compensation Act, *W.Va.Code* § 23–4–2.[1] The Court, in the earlier decision, specifically remanded the case for a new trial.

1. The appellant's husband, Tim Cline, who suf-     fered the injuries which gave rise to this pro-

The facts, as developed in the earlier opinion, show that Tim Cline, the appellant's deceased husband, was employed by the Jumacris Mining Company at its No. 5 Mine in Mingo County. On March 23, 1977, Mr. Cline suffered serious injuries when he was crushed against a mine wall by a continuous mining machine which he was attempting to back out of a flooded area. Evidence was introduced during the original trial showing that the mining machine had defective control levers and that that fact had been called to the attention of the employer. There was also evidence that some days before the accident one of Mr. Cline's supervisors advised him to protect the machine and that he would possibly lose his job if he did not.

Following the accident Mr. Cline and his wife sued the Joy Manufacturing Company and Jumacris Mining Company in the Circuit Court of Mingo County for Mr. Cline's injuries. The Joy Manufacturing Company settled with the Clines, and the case proceeded against Jumacris Mining Company. Because Jumacris Mining Company was covered by the Workers' Compensation Act, the Clines were limited to recovering workers' compensation benefits and were barred from collecting damages in the civil action unless they could recover under the deliberate intent exception contained in *W.Va.Code* § 23–4–2, and discussed at length in *Mandolidis v. Elkins Industries, Inc.*, 161 W.Va. 695, 246 S.E.2d 907 (1978). In *Cline v. Joy Manufacturing Company*, 172 W.Va. at 772, 310 S.E.2d at 838, this Court indicated what the Clines had to show to recover in the civil action:

> Clearly from the foregoing standard, acts amounting to negligence do not meet the *Mandolidis* test. Under *Mandolidis* it is essential, in order for an injured employee to recover, that the employer's misconduct must be of an intentional or wilful, wanton and reckless character, that the employer must have knowledge and appreciation of the high degree of risk of physical harm to another created by such misconduct, and, of

course, that the employer's action must be the proximate cause of the injury.

In the opinion, this Court, after discussing law relating to "deliberate intent", examined the evidence adduced by the Clines during their trial and concluded that it did not establish that the employer's conduct was of such an intentional or wilful, wanton and reckless character as to establish the Clines' entitlement to recovery. Accordingly, the Court reversed the jury's verdict and remanded the case for a new trial.

The documents presently before the Court indicate that after this case was remanded to the circuit court, the Jumacris Mining Company served interrogatories on the appellant, Mrs. Cline, to determine what additional facts, if any, she would introduce during the new trial. The appellant did not respond to the interrogatories for approximately five months. Based upon her failure to respond to the interrogatories and on her failure to indicate that new evidence would be introduced, and also based upon the finding in the *Cline v. Joy Manufacturing Co.* opinion that the evidence adduced during the initial trial was insufficient to support the jury's verdict, the Jumacris Mining Company moved for summary judgment.

After the filing of the motion for summary judgment, the appellant responded to the interrogatories and indicated that she intended to call the same witnesses called at the original trial, with the exception of Tim Cline, who had died since the original trial. The appellant also stated:

> The plaintiffs intend to develop further in accordance with the guidelines laid down by the Supreme Court of Appeals the knowledge, notice and scienter of the defendant Jumacris Mining Company with respect to the defective condition of the continuous mining machine which caused the devastating injuries to Tim Cline.

A hearing was held on the motion for summary judgment on June 3, 1985. At that hearing Jumacris Mining Company ar-

---

ceeding, died after the first trial, and the appellant, his widow, is now appearing in her own

capacity and also as representative of Mr. Cline's estate.

gued that it was entitled to summary judgment on the ground that the evidence adduced at the original trial was inadequate to support a verdict for the appellant and that the appellant had failed to show that additional material evidence would be developed. At the conclusion of the hearing the trial court granted Jumacris Mining Company's motion for summary judgment. It is from that ruling that the appellant now appeals.

In syllabus point 3 of *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court announced a rule regarding summary judgment which has been consistently followed:

A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

*See Lowery v. Raptis*, 174 W.Va. 736, 329 S.E.2d 102 (1985); *Karnell v. Nutting*, 166 W.Va. 269, 273 S.E.2d 93 (1980); *Consolidated Gas Supply Corp. v. Riley*, 161 W.Va. 782, 247 S.E.2d 712 (1978); *Anderson v. Turner*, 155 W.Va. 283, 184 S.E.2d 304 (1971).

In the case presently before the Court, as indicated in the earlier *Cline* decision, a critical question of fact is whether the Jumacris Mining Company acted in an intentional or wilful, wanton and reckless manner in its conduct toward Mr. Cline. If it did so act, then potentially the appellant is entitled to recover under the deliberate intent exception in *W.Va.Code* § 23–4–2. The verdict in the initial trial was reversed because the Court found insufficient evidence to support a finding of employer misconduct of such a character.

Upon remand the appellant indicated that although she would call no new witnesses during retrial, she would introduce new evidence of the employer's notice and scienter which, within the guidelines laid down by this Court, would establish her entitlement to recovery. The fact that the appellant indicated that she intended to call no new witnesses did not necessarily mean that she would adduce no new evidence. This Court believes that, given the discussion in the *Cline* opinion, the law relating to what constitutes "deliberate intent" is now clearer than it was during the appellant's first trial. The Court also believes that, in view of the extended discussion of what is required to support recovery in *Cline*, it is plausible that the appellant, on retrial, might adduce from the witnesses called during the first trial new facts necessary for her to prevail.

In assessing the propriety of summary judgement it is incumbent upon a trial court to view the facts in the case in a light most favorable to the party against whom judgment is to be rendered. *Board of Education v. VanBuren and Firestone, Architects, Inc.*, 165 W.Va. 140, 267 S.E.2d 440 (1980).

This Court believes that in the case now under consideration further development of the facts relating to the character of the employer's knowledge and conduct is desirable before a final resolution of the appellant's claim is appropriate. In view of the rule that a motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and only when further inquiry concerning the facts is not desirable to clarify the application of the law, this Court concludes that the trial court erred in granting the motion of Jumacris Mining Company for summary judgment and in denying the appellant a jury trial in accordance with this Court's remand.

Accordingly, the judgment of the Circuit Court of Mingo County is reversed, and this case is remanded for a jury trial.

Reversed and remanded.