Donna MILLER, individually and as Administratrix of the Estate of Charles Miller, Plaintiff,

v.

BAS TECHNICAL EMPLOYMENT PLACEMENT COMPANY, et al., Defendants.

No. Civ.A. 2:00–0896.

United States District Court, S.D. West Virginia, Charleston Division.

July 25, 2001.

Guy R. Bucci, Timothy C. Bailey, Bucci Bailey & Javins L.C., Charleston, WV, for plaintiffs.

Douglas E. Cameron, Arnd N. von Waldow, Reed Smith Shaw & McClay, LLP, Pittsburgh, PA, G.W. Lavender III, Mac-Corkle Lavender & Casey PLLC, Charleston, WV, for defendant SMS Scholemann–Siemag, Inc.

David D. Johnson III, Nancy C. Hill, Winter Johnson & Hill PLLC, Charleston, WV, for defendant BAS Technical Employment Placement Company.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's renewed motion to remand and the updated motion for summary judgment filed by BAS Technical Employment Placement Company (BAS). The Court **DENIES** the renewed motion to remand and **DENIES** as moot the updated motion for summary judgment.

## I. FACTUAL BACKGROUND

Plaintiff's decedent, Charles Miller, was assigned by BAS to perform services at a steel casting facility located in South Korea. Defendant SMS Scholemann–Siemag, Incorporated (SMS) designed and constructed the facility. While Miller was performing repairs at the South Korean facility, molten steel spilled, melted through a blower fan assembly, and poured onto him. He died approximately one month later.

On November 24, 1999 the widowed Plaintiff instituted this action against BAS and SMS in the Circuit Court of Kanawha County. She alleged a deliberate-intention claim against BAS pursuant to *West Virginia Code* Sections 23–4–2(b) and (c)(2)(ii), asserting BAS 'took no steps to ensure safe work environments would be provided for its employees' at its assigned jobs. Compl. § 8.[1]

BAS commenced discovery in December 1999. On September 12, 2000, during the discovery period, BAS moved for summary judgment. On September 25, 2000 SMS removed the case after BAS' filing, asserting BAS' motion was a filing from 'which it ... [could] first ... ascertain[ ] that the case is one which is or has become removable' under Section 1446(b). In sum, SMS asserted BAS, a West Virginia corporation, was fraudulently joined based on the contents of BAS' summary judgment motion.[2] Plaintiff moved promptly to remand.

As noted, discovery was not complete at the time of either BAS' dispositive motion

1. *West Virginia Code* Section 23–4–2(c)(2)(ii) provides the immunity from suit accorded to employers under the West Virginia Workers' Compensation Act may be lost only if an employer acts with the deliberate intention to injure its employee. *Id.* The high proof requirement is satisfied only if the fact-finder makes all of the five prerequisite findings below:

 (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

 (B) That the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition;

 (C) That such specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of such employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

 (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C) hereof, such employer nevertheless thereafter exposed an employee to such specific unsafe working condition intentionally; and

 (E) That such employee so exposed suffered serious injury or death as a direct and proximate result of such specific unsafe working condition.

 W.Va.Code § 23–4–2(c)(2)(ii).

2. Title 28 U.S.C. § 1441(b) permits the removal of a case otherwise satisfying the requirements for diversity of citizenship only 'if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.' *Id.*

or SMS' removal. In fact, roughly three (3) months of discovery remained, and Plaintiff had noticed six depositions to be completed also.

The Court denied the motion to remand observing:

Presently, the Court has no difficulty retaining the case. The current record discloses no possibility Plaintiff could establish a claim against BAS under the very strict standards employed by the Legislature in the deliberate-intention statute. Specifically, Plaintiff has not directed the Court to any evidence supporting the second element of the statute, namely that BAS:

had a subjective realization and an appreciation of the existence of . . . [a] specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by . . . [a] specific unsafe working condition[ .]

*Miller v. BAS Tech. Employ. Placement Co.*, 130 F.Supp.2d 777, 781 (S.D.W.Va. 2001) (quoting W.Va.Code § 23–4–2(c)(2)(ii)(B)).

That remand denial, however, was without prejudice to a renewed motion to remand following the conclusion of the then-pending discovery:

[T]he Court desires to (1) assure itself of the propriety of exercising subject matter jurisdiction; and (2) accord Plaintiff the right to fully complete the discovery she was pursuing in the state forum at the time of removal. Fairness dictates Plaintiff be given the opportunity to demonstrate the 'glimmer of hope' of a claim against BAS as discussed in *Hartley[ v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir.1999) ].

*Id.*

When the discovery period concluded, BAS moved for summary judgment and

Plaintiff renewed her remand motion. Plaintiff asserts she 'now has specific information related to BAS's conduct and its duties which support a right to relief under West Virginia's deliberate exposure statute.' Pl.'s Mem. in Supp. of Mot. to Remand at 3.

## II. DISCUSSION

 Our Court of Appeals recently restated a defendant's "heavy burden" in supporting a fraudulent joinder allegation:

"In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts."

*Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir.1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981)) (alteration in original; quotation omitted). The applicable standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R.Civ.P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999).

The Court is mindful of the careful scrutiny our Court of Appeals applies to fraudulent joinder claims. For example, *Hartley* states:

'CSX contests these points and we are unable to resolve them with the snap of a finger at this stage of the litigation. Indeed, these are questions of fact that are ordinarily left to the state court jury.

In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain ques-

tions of law and fact. Allowing joinder of the public defendants is proper in this case because courts should minimize threshold litigation over jurisdiction. Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

. . . . .

We cannot predict with certainty how a state court and state jury would resolve the legal issues and weigh the factual evidence in this case. Hartley's claims may not succeed ultimately, but ultimate success is not required to defeat removal. Rather, there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.'

*McWilliams v. Monarch Rubber Co.*, 70 F.Supp.2d 663, 665 (S.D.W.Va.1999) (citations omitted) (quoting *Hartley*, 187 F.3d at 425–26).

■ With these standards in mind, the Court turns to Plaintiff's claim against BAS.

To successfully maintain a deliberate-intention claim, Plaintiff would, in addition to other facts, have to prove the following element:

> That the employer had a subjective realization and an appreciation of the exis-

tence of . . . [a] specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition[.]

W.Va.Code § 23–4–2(c)(2)(ii)(B) (1998).

In putative satisfaction of Section 23–4–2(c)(2)(ii)(B), Plaintiff asserts that despite BAS' knowledge of general dangers specific to steel mills, BAS failed to provide Miller with, and failed to inquire with SMS and others about, (a) site-specific safety training, or (b) personal protective equipment. Plaintiff also charges BAS with failing to review or comply with OSHA regulations it knew were applicable to it as a temporary employer.

Plaintiff's deliberate-intention claim essentially boils down to a complaint BAS made no effort to assure Miller would have a safe place to work in South Korea. Assuming the accuracy of that proposition, however, does nothing to advance the ball toward proof in satisfaction of Section 23–4–2(c)(2)(ii)(B). Plaintiff at most has suggested a non-cognizable negligence claim against BAS, the latter being immune from such claim under the Workers' Compensation Act.

Taking all factual and legal considerations in Plaintiff's favor, there is no possibility she could establish a deliberate-intention claim. In short, she has failed conclusively to make any showing or prediction BAS 'had a subjective realization and an appreciation of the existence of . . . [a] specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition.'[3]

3. Plaintiff relies upon both *Blake v. John Skidmore Truck Stop, Inc.*, 201 W.Va. 126, 493 S.E.2d 887 (1997) and *Costilow v. Elkay Mining Co.*, 200 W.Va. 131, 488 S.E.2d 406 (1997). In *Blake*, the plaintiff employee sustained injuries at her workplace as a result of an armed robbery. She offered evidence of a complete lack of security at the store, as well as unheeded requests from herself and other employees for appropriate security measures.

839

Accordingly, BAS was fraudulently joined, and the Court **DENIES** the renewed motion to remand. BAS is **DISMISSED** with prejudice, and the updated motion for summary judgment is **DENIED** as moot.

The remaining parties are **ORDERED** to submit no later than August 6, 2001 a joint report for consideration by the Court containing dates for remaining case events.

The Clerk is directed to (1) post a copy of this Memorandum Opinion and Order on the Court's public website at www.wvsd.uscourts .gov and (2) send a copy to counsel of record via mail.

An expert witness also testified the security measures at the store were 'the worst he had ever seen.' *Id.* at 135, 493 S.E.2d at 896. On this record, the West Virginia Court understandably reversed the directed verdict entered for the employer. In doing so, however, Justice Workman noted the familiar principle from Syllabus Point 3 of *Blevins v. Beckley Magnetite, Inc.,* 185 W.Va. 633, 408 S.E.2d 385 (1991):

> We recognize that, in order to actually impose liability, it is not sufficient to show an "employer reasonably should have known of the specific unsafe working condition

and of the strong probability of serious injury or death presented by that condition," but "it must be shown that the employer *actually possessed such knowledge."* *Id.* at 136, 493 S.E.2d at 897 (emphasis added). The *per curiam* opinion in *Costilow* observed likewise. *Costilow,* 200 W.Va. at 136, 488 S.E.2d at 411. The trend continues this Term as well. *Nutter v. Owens–Illinois, Inc.,* 209 W.Va. 608, 550 S.E.2d 398 (2001) (same). The employers' knowledge of the specific unsafe work conditions in *Skidmore, Costilow,* and *Nutter* distinguish all of those cases from the instant action.